# PROPOSED DISCOVERY PLAN/SCHEDULING ORDER[1]
## (Magistrate Judge Lee G. Dunst)

**Case No.:** 2:25-cv-02591 (NJC) (LGD)    **Date of Initial Conference:** July 30, 2025

Plaintiff(s) (including names of counsel who will appear at the initial conference):
Attorneys Robert J. Valli, Jr. and Brendan Carman, for Plaintiff JaNeen West

Defendants(s) (including names of counsel who will appear at the initial conference):
Claudia A. Costa, Esq. on behalf of Defendants, Defendants, Long Island Housing Services, Inc., Ian Wilder, Marian Reid, and Ivan Campos-Torres.

## PREPARATION FOR INITIAL CONFERENCE

1. **Rule 26(f) Meeting**

    a. Date(s) meeting(s) held: July 22, 2025

    b. Plaintiff(s)' representative(s) who participated:
    Brendan Carman

    c. Defendant(s)' representative (s) who participated:
    Claudia Costa

2. **Discovery Exchanged Prior To Initial Conference** *[insert details below]*
   Parties have provided their Rule 26(a) initial disclosures.

---

[1] The parties should consult Judge Dunst's Individual Practice Rules if they need further direction about completion of this form to be filed jointly on ECF at least five (5) business days before the Initial Conference. In completing this form, the parties are reminded that the scope of discovery should be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

**UPDATED/EFFECTIVE SEPTEMBER 1, 2023**

3. **Electronically Stored Information (if any)**

   a. Have counsel discussed any ESI to be produced?
      _____The parties anticipate that ESI will include emails from Plaintiff's employment with Defendant LIHS_____

   b. Have the parties entered into an ESI protocol?
      _____Not yet, but the parties will do so if needed.

4. **Protective Order (if any)** *[insert expected date of submission for Court approval]*
   _____Plaintiff's position is that she wants to submit the Court's standard Protective Order along with this proposed discovery plan._____

   Defendants' position is that they object to a protective order. Plaintiff and counsel have already gone to the press (Newsday) and even made comments to the press.

5. **Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?**
   _____No_____

## PHASE 1 DISCOVERY

1. Date for completion of **automatic disclosures** required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____The Parties have made their initial disclosures._____.

2. Date for completion of **preliminary discovery** necessary for reasoned consideration of settlement: _____September 26, 2025_____.

3. **Settlement Conference and Mediation** *[Select Option 1 or 2 below]*

a. <u>Option 1</u>:  Proposed date for initial settlement conference *[any time prior to the commencement of Phase 2 discovery]* ____October 23,  2025_____ .

b. <u>Option 2</u>:  The parties wish to be referred to the EDNY Mediation Program for mediation:  _____.

# PHASE 2 DISCOVERY

1.  **Deadline** for proposed **amendment of the pleadings** to add claims or join additional parties:[2]  _____Within 30 days of the settlement conference._____.

2.  Anticipated **number** of **depositions**: plaintiff(s):  __3_____   defendant(s):  ____4___ .

3.  Date for **completion of fact discovery**:  _____within 6 months of the settlement conference _____ .

4.  **Number** of **expert witnesses**: plaintiff(s):  _TBD_____   defendant(s):  ___2_____ .

5.  Date for exchange of **expert report(s)**:  ____within 45 days after close of fact discovery _____.

6.  Date for **completion** of **expert discovery**:  ____within 45 days after exchange of expert reports_____ .

7.  Date for **submission** of **joint certification of completion of all discovery**:  _within a week after close of expert discovery_____ .

8.  Final date to take the first step in **dispositive motion practice**:  __within 45 days after the joint certification of completion of all discovery_____ .
    (*Parties are directed to consult the District Judge's Individual Rules regarding such motion practice*).

---

[2] Any motion to amend the pleadings to add claims or join additional parties filed on or after the court-approved deadline will be denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4).  *See Sacerdote v. New York University*, 9 F. 4th 95, 115 (2d. Cir. 2021).